IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| Donnette Thomas, | : Civil Action No.: 1:11-cv-00966 |
|---|---|
| Plaintiff, | |
| v. | |
| GTF Services LLC, Experian Information Solutions, Inc., and Trans Union LLC, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, Plaintiff, Donnette Thomas, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), and applicable state statutes and the common law tort of defamation.

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

4. Any claims under state law brought by Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

6. Plaintiff, Donnette Thomas (hereafter "Plaintiff"), is an adult individual residing in Greensboro, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

7. Defendant, GTF Services LLC ("GTF"), is a Colorado business entity with a principal place of business of 5005 W 81st Place, Westminster, CO, operating as a debt collector, and is a "furnisher" of consumer information to consumer reporting agencies.

8. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with a business address of 475 Anton Boulevard, Costa Mesa, California, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

9. Defendant Trans Union LLC ("Trans Union" or collectively with GTF and Experian, the "Defendants") is a Delaware limited liability corporation with a business address of 555 W. Adams, Chicago, Illinois, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTUAL ALLEGATIONS

10. Within the last year, Plaintiff learned that her credit reports generated by Experian and TransUnion contained erroneous information.

2

11. The credit reports contained a delinquent debt (the "Debt") reported by Credit One Corporation (the "Creditor") in the amount of $948.

12. The Creditor allegedly sold the Debt to GTF, and GTF also reported the Debt as delinquent, such that Plaintiff had two negative remarks on her credit report regarding the Debt.

13. In response to the inaccurate credit report information, Plaintiff contacted GTF and the Creditor in writing, disputing the Debt and requesting both Creditor and GTF remove the negative remarks from her credit report. Thereafter, Creditor notified the CRA's to delete the Debt.

14. Plaintiff also mailed dispute letters to Experian and Trans Union, informing them the Debt was invalid and requested each of them to verify and delete the Debt from her credit file.

15. Creditor immediately responded to Plaintiff in writing, acknowledging that Plaintiff was not responsible for the Debt and further advised Plaintiff that it would take immediate action to remove the negative remarks from her credit report.

16. GTF responded to Plaintiff in writing, stating that it had verified the Debt with Creditor and included a statement of account for the Debt.

17. Plaintiff is informed and believes and thereon alleges that GTF did not verify the Debt with the Creditor, because the Creditor immediately informed Plaintiff that the Debt was not valid.

18. Thereafter, GTF re-reported the Debt, including an update of Plaintiff's address to an erroneous Colorado address at which Plaintiff never resided.

19. Further, GTF failed to delete the Debt in its entirety based on the fact the Debt was not verified by Creditor.

3

20. GTF sometime thereafter re-reported the Debt as disputed.

21. Upon information and belief, at least one of the CRAs notified GTF of the dispute.

22. Nevertheless, Experian and Trans Union continue to report the GTF account as delinquent rather than disputed.

23. Upon Plaintiff's request for verification and deletion, and in accordance with their standard procedures, Experian and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify GTF's representation.

24. In the alternative to the allegation that Experian and Trans Union failed to contact GTF, it is alleged that Experian and Trans Union did forward some notice of the dispute to GTF and GTF failed to conduct a lawful investigation.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq*.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

27. Experian and Trans Union violated 15 U.S.C. § 1681e(b) on multiple occasions by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

4

28. Experian and Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information from Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to GTF; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

29. Experian and Trans Union violated 15 U.S.C. § 1681s-2 on multiple occasions by willfully and/or negligently failing to fulfill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, and failing to update and/or correct previously reported information determined to be inaccurate or incomplete.

30. GTF violated 15 U.S.C. § 1681s-2 on multiple occasions by willfully and/or negligently failing to fulfill its duties under the FCRA by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding the same; by failing to accurately respond to Experian and Trans Union; by failing to correctly report results of an accurate investigation to every credit reporting agency; and by failing to permanently correct its own internal records to prevent re-reporting of GTF's representations to the consumer reporting agencies.

31. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

32.     As a result of Defendants' conduct, action and inaction, Plaintiff incurred actual damages in the form of denial of credit, the inability to refinance her home, and the costs associated with sending certified dispute letters to Defendants.  Plaintiff also suffered damages by loss of the ability to purchase and benefit from credit and the mental and emotional pain, humiliation and embarrassment of credit denials.

33.     Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.* BY DEFENDANT GTF

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Plaintiff is informed and believes and thereon alleges that GTF did not verify the Debt with the Creditor after the Debt was disputed, because the Creditor informed Plaintiff that the Debt was not valid.

36.     Thereafter, GTF re-reported the Debt.

37.     GTF therefore violated 15 U.S.C. § 1692e(8) by communicating false credit information to the credit reporting agencies when GTF knew that the information was invalid.

38.     Plaintiff is entitled to damages as a result of this violation.

## COUNT III
## NEGLIGENT, RECKLESS AND WANTON CONDUCT BY DEFENDANT GTF

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. GTF's acts, as described herein, were done negligently and without care or concern for the well-being of Plaintiff.

41. As a proximate consequence of GTF's negligence, Plaintiff has suffered severe emotional and mental distress.

42. As a result of GTF's unlawful acts, GTF is liable to Plaintiff for actual, compensatory, and punitive damages, as well as costs and attorney's fees.

## COUNT IV
## DEFAMATION BY DEFENDANT GTF

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. GTF published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

45. Each time Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by GTF.

46. The publications were done maliciously, without privilege, and with willful intent to injure Plaintiff.

47. As a direct and proximate consequence of GTF's acts of defamation, Plaintiff has been injured and has suffered severe embarrassment, humiliation, and mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered:

1. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* against each Defendant;

2. Attorneys fees and costs pursuant to 15 U.S.C. § 1681, *et seq.* against each Defendant;

3. Actual damages for all injuries including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial for Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 9, 2011

Respectfully submitted,

By  /s/ Stacie Watson_____

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile:  (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

8